EILEEN M. TEICHERT, City Attorney (SBN 167027)
**BRETT M. WITTER, Supervising Deputy City Attorney (SBN 168340)**
CITY OF SACRAMENTO
Mailing: P.O. Box 1948, Sacramento, CA  95812-1948
Office: 915 I Street, 4th Floor, Sacramento, CA  95814
Telephone: **(916) 808-5346**
Telecopier: **(916) 808-7455**

Attorneys for Defendants
CITY OF SACRAMENTO, JOHN F. SHIREY
and JIM COMBS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OCCUPY SACRAMENTO, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SACRAMENTO, JOHN F. SHIREY Sacramento City Manager in his official capacity; JIM COMBS, Sacramento City Director of Parks and Recreation, in his official capacity.<br><br>Defendants. | Case No.: 2:11-cv-02873-MCE -GGH<br><br>**DECLARATION OF BRETT M. WITTER IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Date:  November 3, 2011<br>Time:  2:00 p.m.<br>Dept:  7 |

I, Brett M. Witter, declare:

1.  I am an attorney at law duly licensed to practice before the United States District Court for the Eastern District of California and I am a Supervising Deputy City Attorney for the Sacramento City Attorney's Office, the attorneys of record for Defendants City of Sacramento, John F. Shirey and Jim Combs (the "City"). I have personal knowledge of the facts set forth in this declaration. If called upon to do so, I could and would testify to the following facts.

2.  Attached hereto as Exhibit A are true and correct copies of Sacramento City Code sections 12.72.060, 12.72.090, 12.72.160, 12.72.170 and 12.72.180, which I printed from the City of Sacramento's official web site.

3.  Attached hereto as Exhibit B is a true and correct copy of "Request for Temporary

Restraining Order" that was e-mailed to me on October 6, 2011 by attorney Mark Merin in support of his request for a temporary restraining order to the Sacramento County Superior Court. A hearing on that request was held telephonically with Judge Lloyd Connelly, with both myself and Mr. Merin participating. The request was denied.

4. Attached hereto as Exhibit C are true and correct copies of the Sacramento County Superior Court's October 7, 2011 "Order Denying Application for Temporary Restraining Order," and October 12, 2011 "Supplement to the Order Issued on 10/07/2011," both of which were signed by Judge Lloyd Connelly.

I declare under penalty of perjury according to the laws of the State of California that the foregoing is true and correct.

Executed on November 2, 2011 in Sacramento, California.

_____
BRETT M. WITTER
Supervising Deputy City Attorney

**EXHIBIT A**

12.72.060 Park use regulations. Page 1 of 2

Case 2:11-cv-02873-MCE -GGH   Document 12   Filed 11/02/11   Page 4 of 18

**Sacramento City Code**

Up    Previous    Next    Main            Search    Print    No Frames

Title 12 STREETS, SIDEWALKS AND PUBLIC PLACES
Chapter 12.72 PARKS, PARK BUILDINGS AND RECREATIONAL FACILITIES
Article III. Park Use

## 12.72.060 Park use regulations.

No person shall:

A. Conduct or carry on an assembly of more than fifty (50) people in a park, which assembly is intended or can reasonably be expected to last more than thirty (30) minutes or which does in fact last more than thirty (30) minutes, unless a park use permit has been first issued therefor;

B. Conduct or carry on any organized activity in the park facilities designated as McKinley Park Rose Garden, William Carroll Memorial Amphitheater, Callahan Memorial Bank Shell, or Land Park Village Green, unless a park use permit has first been issued therefor;

C. Use any amplified sound without first obtaining an amplified sound permit. This prohibition shall not apply to the use of any radio, tape player, tape recorder, record player or television in compliance with Section 10.12.090 or Section 8.68.200(M) of this code or to broadcasts from any vehicle to which the provisions of Sections 10.60.010 through 10.60.090 of this code are applicable.

D. Engage in any commercial activity in any park, except a nonprofit organization pursuant to a fund raising permit therefor or pursuant to a lease or concession contract issued under Chapters 3.68 or 3.72 of this code, or pursuant to any exemption to Chapters 3.68 or 3.72.

E. Engage in any fund raising activity in any park, except pursuant to a permit issued therefor; provided, however, that funds may be raised without first securing a permit for organizational dues or to defray the cost of the activity by a nonprofit organization or in connection with a city sponsored or co-sponsored activity;

F. Engage in any business activity in any park;

G. Interfere with the use of any park or portion thereof which at the time is reserved by permit for the use of any other person or group;

H. Ride bicycles, smoke, drink alcoholic beverages or picnic in children's playground areas;

I. No person eighteen (18) years or older shall remain in or enter a children's playground area unless actually engaged in the care, custody or supervision of a person younger than eighteen (18) years of age who is using the facilities in the area;

J. Bring any wild or domesticated animal or pet into or upon grounds of the zoo, Fairytale Town, any swimming pool, any golf course, commercial amusement area or children's playground area;

K. In park areas other than those designated in subsection J of this section, no person shall bring any domesticated animal or pets unless they are leashed except as provided in Section 9.44.020(D)(1) of this code.

L. Possess, discharge or shoot any firearm or bow and arrow in any park, except in areas designated for such use. Slingshots, airguns, fireworks, and other devices potentially harmful to park visitors are prohibited in all parks;

M. Play or practice golf in any area not designated for such use;

N. Swim or wade except in supervised swimming or wading pools;

O. Engage in horseback riding in any park, except in the following activities:

1. Horseback riding on designated bridle paths,

2. Horseback riding by any peace officer while the peace officer is engaged in the performance of his or

12.72.060 Park use regulations. Page 2 of 2

Case 2:11-cv-02873-MCE -GGH   Document 12   Filed 11/02/11   Page 5 of 18

her duties;

P. Kill, chase, wound, or capture any wild or domestic bird, or animal in a park. This subsection shall not apply to the chasing or capturing of one's own animal;

Q. Intentionally remove, break, injure, deface, or disturb any plant material, structure, or improvement;

R. Contaminate in any way any water, fountains, pools, lakes, rivers, other water supply, or wash any clothing or cooking utensils in any such waters;

S. Dispose of trash or garbage not accumulated within park areas; no person shall dispose of trash or garbage accumulated within park areas other than in receptacles provided for this purpose;

T. Start or maintain fires in parks other than in "on-site" barbecue pits or personal portable barbecues within designated picnic areas. No person shall fail to extinguish live coals or fires before leaving the picnic area;

U. Open, expose, or interfere with any water system or utility, provided that this prohibition shall not apply to the use of any drinking fountain for its intended purpose;

V. Use or operate any vehicle or other motorized objects in the following ways:

1. Operating gasoline or other fuel-powered vehicles (except golf carts where authorized) in any park, except upon streets, parking lots or other areas designated for such use, unless expressly permitted in writing by the director. This subsection shall not apply to city employees on official business,

2. Operating or parking any vehicle as defined in the California Vehicle Code within a park, except upon areas designated for such use, unless expressly permitted in writing by the director. This subsection shall not apply to city employees on official business;

W. Camp in any park without a park use permit;

X. The playing of softball or baseball by any person fifteen (15) years of age or older on any softball or baseball field where signs are posted which prohibit such play by such person;

Y. Do the following acts in Garcia Bend Park, Miller Park, or the Sacramento Boat Harbor:

1. Park outside the areas designated for parking or double-park at any time,

2. Park any vehicle or trailer in a boat launch area other than while putting a boat in or taking a boat out of the water,

3. Park any trailer in any section posted "NO TRAILER PARKING";

Z. Dock a vessel at any city-owned or city-managed recreation dock for more than thirty-six (36) consecutive hours or for the purpose of living on board the vessel for more than one night while docked at the recreation dock. One or more persons on board the vessel at any time between the hours of one a.m. and six a.m. shall be conclusively presumed to be living aboard for the night. A vessel which departs a courtesy dock after being docked for twenty-four (24) hours or more, or which departs a courtesy dock after having docked for the purpose of living on board for one night, shall not return to the same courtesy dock until at least twenty-four (24) hours have elapsed. The term "recreation dock" shall include the courtesy docks in Miller Park, Garcia Bend, and Old Sacramento, and any other dock operated primarily for temporary docking purposes. Notwithstanding the foregoing, the city council, by resolution, may establish special rules relating to use of the courtesy docks in Old Sacramento, which rules may permit longer periods of docking, impose fees for overnight docking privileges, and permit other special uses. (Ord. 2007-044 § 2; Ord. 98-019 § 1; prior code § 27.04.050)

12.72.090 Remaining or loitering in parks during certain hours prohibited. Page 1 of 1

Case 2:11-cv-02873-MCE -GGH   Document 12   Filed 11/02/11   Page 6 of 18

Sacramento City Code

Up   Previous   Next   Main   Search   Print   No Frames

Title 12 STREETS, SIDEWALKS AND PUBLIC PLACES
Chapter 12.72 PARKS, PARK BUILDINGS AND RECREATIONAL FACILITIES
Article III. Park Use

## 12.72.090 Remaining or loitering in parks during certain hours prohibited.

A. No person shall remain or loiter in any public park:

1. Between the hours of midnight Friday or Saturday and five a.m. of the following day; and

2. Between the hours of eleven p.m. Sunday through Thursday and five a.m. of the following day.

B. The prohibitions contained in subsections (A)(1) and (A)(2) of this section shall not apply:

1. To any person on an emergency errand;

2. To any person attending a meeting, entertainment event, recreation activity, dance or similar activity in such park provided such activity is sponsored or co-sponsored by the department of parks and community services or a permit therefor has been issued by the department of parks and community services;

3. To any person exiting such park immediately after the conclusion of any activity set forth in subsection (B)(2) of this section;

4. To any peace officer or employee of the city while engaged in the performance of his or her duties.

C. The director, with the concurrence of the chief of police, may designate extended park hours for any park when the director determines that such extension of hours is consistent with sound use of park resources, will enhance recreational activities in the city, and will not be detrimental to the public safety or welfare. The prohibitions contained in subsections (A)(1) and (A)(2) of this section shall not apply to any person present in a public park during extended park hours designated pursuant to this subsection.

D. The chief of police, with the concurrence of the director of parks and community services, may order any park closed between sunset and sunrise when he or she determines that activities constituting a threat to public safety or welfare have occurred or are occurring in the park and that such closing is necessary to protect the public safety or welfare. At least one sign designating the sunset to sunrise closing shall be installed prominently in the park. When a park is ordered closed between sunset and sunrise, it is unlawful for any person to remain or loiter in said park during said period. (Prior code § 27.04.070)

Sacramento City Code

Up    Previous    Next    Main    Collapse    Search    Print    No Frames

Title 12 STREETS, SIDEWALKS AND PUBLIC PLACES
Chapter 12.72 PARKS, PARK BUILDINGS AND RECREATIONAL FACILITIES

### Article V. Permit Procedure for Building Use, Park Use, Amplified Sound Permit Applications

#### 12.72.160 Building use, park use, amplified sound permit applications.

Whenever a building use, park use, or amplified sound permit is required by provisions of this article, an application shall be filed with the director at least ten (10) business days in advance of the date for which the permit is sought stating:

A.   The name, address and telephone number of the applicant;

B.   The name, address and telephone number of the person, group, organization, or corporation sponsoring the activity;

C.   Dates and hours of the activity;

D.   Estimated attendance;

E.   Assurance of responsibility of cleaning entire area;

F.   Description of the proposed activity including a description of equipment to be used in connection therewith and the use to be made of such equipment;

G.   The building or park or portion thereof for which application is made;

H.   The name, address and telephone number of each monitor the applicant will provide, if any; and

I.   Any other information which the director determines to be reasonably necessary to insure the activity will not result in injury to persons or property or involve violations of law. (Prior code § 27.06.120)

#### 12.72.170 Application—Waiver of time.

The director shall waive the period for permit applications when the activity is spontaneous or organized on short notice in response to an event of obvious importance such as local grievances or important national events, and the full period for permit application would deprive the activity of immediate response to such an event. The director may waive the period where circumstances make it impractical or unnecessary. (Prior code § 27.06.130)

#### 12.72.180 Action on application—Grounds for denial—Procedure.

A.   Applications for building use, park use and amplified sound permits shall be acted upon by the director within a reasonable time under the circumstances, but in no event less than eight business days before the date for which the permit is sought.

B.   The director shall issue the permit unless he or she finds:

1.   The building, park or portion thereof applied for is not available because of prior reservation or city sponsored or co-sponsored event or will not accommodate the activity of the applicant because of the number of persons expected to attend;

2.   That the proposed activity is of a size, nature, or duration that requires the diversion of so great a number of police officers of the city to properly police the areas, as to hinder the police protection of the city;

3.   That the applicant failed to file timely application;

4.   That the proposed activity would violate federal, state, or local laws or regulations;

    5.    Applicant fails to agree in writing to clean, repair and restore the building or park or portion thereof to its condition immediately prior to the activity for which the permit is sought;

    6.    Applicant fails to agree in writing to provide monitors at the ratio of one for every fifty (50) persons expected to attend. Such monitors shall be responsible adults and shall be in attendance for the duration of the event or activity for which the permit is issued;

    7.    The organizers of the event, or agents or persons acting in concert with the organizers, have specific intent, manifested by specific plans, to engage in or provoke violence;

    8.    That in the case of park use permits or amplified sound permits, the applicant fails to agree in writing to provide chemical toilet facilities for any event where the estimated attendance exceeds one thousand (1,000) persons or, in parks which do not have toilet facilities, chemical toilets for any event where the estimated attendance exceeds fifty (50) persons. Such facilities shall be provided at the ratio of one for each additional four hundred (400) persons or fraction thereof. This requirement shall apply only if the director specifically requires chemical toilet facilities for the application.

    C.    Where the director finds, from the application and his or her initial investigation thereof, that one or more of the conditions exist justifying denial, he or she shall notify the applicant thereof in writing of his or her intent to deny the permit. The notice shall specify the grounds for the denial. The applicant may request in writing that a hearing be held before the director on the matter. Such notice shall be filed with the director within two business days of the director's notice specified above and the hearing shall be held not more than two business days thereafter. The director within one business day of the hearing shall render his or her decision to the applicant. Said decision shall be in writing and shall specify the grounds therefor. If no request is made by the applicant for a hearing before the director as provided herein, the notice of intent to deny the permit shall operate as a denial.

    D.    Any decision of the director may be appealed by the applicant to the city manager pursuant to Section 12.72.190 of this chapter. (Prior code § 27.06.140)

**EXHIBIT B**

Mark E. Merin (State Bar No. 043849)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:   (916) 443-6911
Facsimile:   (916) 447-8336
E-Mail:   mark@markmerin.com

Attorney for Petitioner

---o0o---

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SACRAMENTO

---o0o---

| In re Assembly in Cesar Chavez Park, Sacramento | Case No.<br><br>**REQUEST FOR TEMPORARY RESTRAINING ORDER** |
|---|---|

This is a request that the court issue a temporary restraining order directed to the chief of the Police of the City of Sacramento, Rick Braziel, restraining and preventing him and officers under his command from citing and/or arresting persons remaining in Cesar Chavez Park after 11:00 p.m. on October 6, 2011.

This application is based on the following facts which are stated, under penalty of perjury:

1.   There is a peaceful gathering in Cesar Chavez Park, across the street from City Hall, in downtown Sacramento of hundred of people who have come together in sympathy with the "Occupy Wall Street" demonstrations taking place in New York City, San Francisco, Chicago, Los Angeles, and other cities around the country. The group has come together under the name "Occupy Sacramento" and seeks to inform the public about conditions in this country affecting all of our citizenry. The unifying theme of these gatherings is that 1% of the population own and control 99% of the wealth of the country.

2.   The people who came to express their support for the "Occupy Sacramento" gathering have been meeting in the park since this morning and have expressed their intent to remain in the Park

1

1 overnight, engaging in a teach-in relating to issues of general concern.

2     3. The Assistant Chief of Police has indicated that the City Police intend to enforce a city ordinance (12.72.090) which prohibits "loitering" in city parks between the hours of eleven p.m. and five a.m. The full text of ordinance 12.72.090 is attached hereto as "Exhibit 1."

    4. Many people are now in the park and others are coming from out of town intending to remain over night in the park. This threatens to cause an unnecessary confrontation between police and the peaceful demonstrators.

    5. The same ordinance permits the chief of police to "extend park hours" when it is determined that it "will not be detrimental to the public safety or welfare." (Section C of the ordinance.)

    6. Similarly, the City Manager has the authority, under City Ordinance 12.52.030 (B)3, to "issue a temporary permit to allow camping on public or private property in connection with a special event." The full text of ordinance 12.52.030 is attached hereto as "Exhibit 2."

    7. This is a "special event," but the City Manager is unavailable to even consider an application for a permit for people in connection with Occupy Sacramento" to remain in the Park on the evening of October 6, 2011.

    8. Attempts were made to contact the Chief of Police but they were unsuccessful. I called his office and was told he was not in town. I received a call back from Assistant Chief Sam Summers who informed me that "he did not see any reason why an exception should be made in this case."

    9. I attempted to explain that this was an exceptional situation, but he refused to "make an exception" and stated that if he made an exception for this case then people would want to camp all over the City and they would use this example to further that objective.

I request that until a direct appeal may be made to the City Manager and the Chief of Police, the court issue a temporary restraining order directed to the Chief of Police and all officers operating under his command not to enforce the City Ordinances mentioned above.

\\\
\\\
\\\

2

I declare under penalty of perjury that the above is true and correct and that this declaration was executed this 6th day of October, 2011, in Sacramento, California.

_____
MARK E. MERIN

**REQUEST FOR TEMPORARY RESTRAINING ORDER**
*In re Assembly in Cesar Chavez Park, Sacramento*; Sacramento County Superior Court, Case No.

**EXHIBIT C**

EILEEN M. TEICHERT, City Attorney (SBN 167027)
**BRETT M. WITTER, Supervising Deputy City Attorney (SBN 168340)**
CITY OF SACRAMENTO
Mailing: P.O. Box 1948, Sacramento, CA 95812-1948
Office: 915 I Street, 4th Floor, Sacramento, CA 95814
Telephone: (916) 808-5346
Telecopier: (916) 808-7455

Attorneys for Respondent
CITY OF SACRAMENTO



FILED/ENDORSED
OCT -7 2011
By _____ Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| In re Assembly in Cesar Chavez Park, Sacramento | Case No.: Not Assigned<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER** |

On October 6, 2011, Magistrate Judge Lloyd Connelly considered the ex parte application of "Occupy Sacramento" for a Temporary Restraining Order that would prevent the City of Sacramento from enforcing the Sacramento City Code as it pertains to illegal camping (Sacramento City Code Chapter 12.52) and loitering in parks between the hours of 11:00 p.m. and 5:00 a.m. (Sacramento City Code Section 12.52.090). Specifically, Petitioner had been engaging in a demonstration throughout the day, and sought an order that would allow camping overnight in that park, contrary to the Sacramento City Code.

Notice of the application was given after regular business hours, and the court had no written briefing on the issues presented. Oral argument on the application was made via conference call at approximately 8:30 p.m. on October 6, 2011. Mark E. Merin of the Law Office of Mark Merin appeared for Petitioner "Occupy Sacramento." Supervising Deputy City Attorney Brett M. Witter, of the Sacramento City Attorney's Office, appeared on behalf of Respondent City of Sacramento.

After considering oral argument, the court concluded that the Petitioner failed to establish that it would suffer irreparable harm if the temporary restraining order was not issued, as the

1

1  demonstration could be held during normal park hours. The court also held that Petitioner had not
2  reasonably attempted to apply for a permit to use the park for camping purposes, as Petitioner made
3  no attempt to request such a permit until at least 3:30 p.m. on October 6, 2011.

4  **IT IS HEREBY ORDERED THAT:** Petitioner's request for a Temporary Restraining Order
5  is denied.

7  Dated: October 7, 2011

_____
JUDGE OF THE SUPERIOR COURT

Approved as to form:

_____
Mark E. Merin
Attorney for Petitioners

1. demonstration could be held during normal park hours. The court also held that Petitioner had not
2. reasonably attempted to apply for a permit to use the park for camping purposes, as Petitioner made
3. no attempt to request such a permit until at least 3:30 p.m. on October 6, 2011.
4. **IT IS HEREBY ORDERED THAT:** Petitioner's request for a Temporary Restraining Order
5. is denied.

7. Dated: October 7, 2011

                                LLOYD G. CONNELLY
                                ─────────────────────────────
                                JUDGE OF THE SUPERIOR COURT

11. Approved as to form:

    [signature]

    Mark E. Merin
    Attorney for Petitioners

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

| | | | |
|---|---|---|---|
| DATE/TIME | : OCTOBER 12, 2011 | DEPT. NO | : 33 |
| JUDGE | : LLOYD G. CONNELLY | CLERK | : C. BEEBOUT |
| REPORTER | : NONE | BAILIFF | : NONE |

IN RE ASSEMBLY IN CESAR CHAVEZ PARK, SACRAMENTO

Case No.: 34-2011-00112058

**Nature of Proceedings:**   SUPPLEMENT TO THE ORDER ISSUED ON 10/07/2011

As a supplement to the order in the above-entitled cause, which the Court signed on 10/07/11, the Court sets forth the following brief rationale for the denial of the requested temporary restraining order (TRO):

1. The petitioner had not completely exhausted available remedies that exist by seeking an exemption from the relevant Sacramento City ordinances in the normal way from the City Manager's office.

2. The Court was unable to identify irreparable harm such that a TRO was justified as opposed to this manner being heard in the normal fashion after appropriate pleadings and citations could be provided and evaluated by the Court.

3. The Court had reservations with regard to the ultimate likelihood of the petitioner prevailing.

Dated: October 12, 2011

Honorable LLOYD G. CONNELLY
Judge of the Superior Court of California
County of Sacramento

(Certificate of Service by Mailing attached.)

| | | | |
|---|---|---|---|
| BOOK | : 33 | Superior Court of California, | |
| PAGE | : 112058MO101211 | County of Sacramento | |
| DATE | : OCTOBER 12, 2011 | | |
| CASE NO. | : 34-2011-00112058 | | |
| CASE TITLE | : IN RE ASSEMBLY IN CESAR CHAVEZ PARK | BY: | C. BEEBOUT, |
| | | | **Deputy Clerk** |

Page 1 of 2

CASE NUMBER: 34-2011-00112058 DEPARTMENT: 33
CASE TITLE: IN RE ASSEMBLY IN CESAR CHAVEZ PARK
PROCEEDINGS: SUPPLEMENT TO THE ORDER ISSUED ON 10/07/2011

## CERTIFICATE OF SERVICE BY MAILING
(C.C.P. Sec. 1013a(4))

I, the undersigned deputy clerk of the Superior Court of California, County of Sacramento, do declare under penalty of perjury that I did this date place a copy of the above entitled notice in envelopes addressed to each of the parties, or their counsel of record as stated below, with sufficient postage affixed thereto and deposited the same in the United States Post Office at Sacramento, California.

MARK MERIN
1010 F ST #300
SACRAMENTO, CA 95814

BRETT M. WITTER
CITY ATTORNEY
PO BOX 1948
SACRAMENTO, CA 95812-1948

Dated: October 13, 2011

Superior Court of California,
County of Sacramento

By: C. BEEBOUT, *(signature)*
Deputy Clerk

BOOK       : 33
PAGE       : 112058MO101211
DATE       : OCTOBER 12, 2011
CASE NO.   : 34-2011-00112058
CASE TITLE : IN RE ASSEMBLY IN CESAR CHAVEZ PARK

Superior Court of California,
County of Sacramento

BY: C. BEEBOUT,
Deputy Clerk

Page 2 of 2